ARMSTRONG, Judge.
Plaintiff, the City of New Orleans (the “City”), appeals from a trial court judgment sustaining defendants’, Dr. and Mrs. Norman Miller (the “Millers”), peremptory exception of prescription to an action by City. We now affirm.
The City filed a petition seeking an injunction on October 17, 1990 to stop Mrs. Miller from using a 5 h.p. industrial air compressor in conjunction with her “home occupation.” The petition claims that the use of the air compressor constituted an illegal extension of an art studio or home occupation in violation of the City’s Comprehensive Zoning Ordinance, Ordinance 4264 (the “CZO”), as amended. The City maintains that while an art studio is a permitted land use within a “RD-2” Zoning District as a home occupation, the use of mechanical equipment that is not “normally used for family, domestic or household purposes” in conjunction with a home occupation is prohibited. Defendants do not argue on appeal that the City’s interpretation of the CZO is incorrect, rather, they argue that the City had notice of the use and are barred from now asserting this action.
In response to the City’s petition, defendants filed an exception of vagueness and a peremptory exception raising the objection of prescription. Following a hearing, the trial court maintained the exception of prescription on the land use action. From this judgment, the City appeals. The issue on appeal is whether the trial court would have been clearly wrong in finding that the City hard written notice of the violation.
The statute upon which the Millers base their allegation of prescription, La. R.S. 9:5625(A), provides, with respect to land use regulations, that all actions to enforce such regulations must be brought within two years from the date the municipality and their “properly authorized instrumentality or agency if such agency has been designated, first had been actually notified in writing of such violation.”
The chronology of events pertinent to the issue of notice is as follows: On October 1, 1988, the complaining neighbors, Dr. and Mrs. Samuel Zurik, allegedly forwarded a letter to Mr. Paul May, the City Zoning Director, outlining complaints against the Millers for alleged violations of the CZO. Although a signed copy of the letter is filed in the record, Paul May claims the City never received it, maintaining that if they *224 had, the letter would be in their files.[1] Also contained in the record is a copy of another letter, dated October 19, 1988, to Eric Higbee, with the City Department of Safety and Permits, thanking him for his help in the matter. The City filed for an injunction on October 17, 1990. The Department conducted an investigation of the Millers’ property on October 25, 1988.
The City claims that it established through affidavits that the October 1st letter was never mailed and that the City did not receive written notice about the complaint until October 19th. The City contends that the trial judge committed manifest error in finding that the City had acquired knowledge sufficient to trigger the prescriptive period of La.R.S. 9:5625(A) pri- or to receiving a written complaint on October 19, 1988.
In response, the Millers argue that the City had actual written knowledge. Apparently, Mrs. Zurik admitted during a deposition that she mailed the letter dated October 1, 1988 to Mr. May. In an affidavit, she denies having meant to state this as a fact and says she misunderstood the question asked by defendants’ attorney during her deposition. One of the Zuriks’ former attorneys also filed an affidavit attesting that the Zuriks sent him the letter but that he never mailed a copy of it to the City. The attorney who subsequently represented the Zuriks stated in an affidavit that he was in possession of what appeared to be the original letter which, obviously, had not been mailed. Thus, a credibility issue was presented to the district judge. As such, under the manifest error rule, this court must give great weight to the findings of the trier of fact. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
In Rosell v. ESCO, 549 So.2d 840 (La.1989), the Louisiana Supreme Court commented on the manifestly erroneous — clearly wrong standard as applied to factual findings based largely on the credibility of fact witnesses. The court stated:
When findings are based on determinations regarding the credibility of witnesses, the manifest error — clearly wrong standard demands great deference to the trier of fact’s findings; for only the fact-finder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener’s understanding and belief in what is said. Where documents or objective evidence so contradict the witness’s story, or the story itself is so internally inconsistent or implausible on its face, that a reasonable fact finder would not credit the witness’s story, the court of appeal may well find manifest error or clear wrongness even in a finding purportedly based upon a credibility determination. But where such factors are not present, and a factfinder’s finding is based on its decision to credit the testimony of one of two or more witnesses, that finding can virtually never be manifestly erroneous or clearly wrong. (Citations omitted.)
Considering the evidence which was before the trial court, we are unable to say the court would have been clearly wrong in finding that the City had written notice of the violation two or more years before it filed the petition for injunction. Thus, the trial court had evidence before it sufficient to sustain defendants’ exception of prescription under La.R.S. 9:5625(A).
For the foregoing reasons, we affirm the judgment of the trial court.
AFFIRMED.
CIACCIO, J., respectfully dissents.

. The City submitted the Department’s records which indicate that the City did not receive written notice until October 19, 1988.